IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABE MOSS AND | § | |
| D&Y INVESTMENTS, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3805 |
| | § | |
| GONZALEZ FINANCIAL HOLDINGS, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

**I.     Background**

This is a severed crossclaim related to a mortgage-foreclosure case. In 2013, Deutsche Bank and Ocwen Loan Servicing LLC sued Gonzalez Financial Holdings, Abe Moss, and D&Y Investments, a company in which Moss is the sole shareholder, alleging wrongful foreclosure and seeking a quiet-title judgment that it owned the property at issue. Deutsche Bank was assigned a security interest in the property in 2009, arising from a 2003 deed of trust. The land purchasers fell behind on their property tax payments in 2006, which gave rise to a tax lien in favor of Gonzalez Financial. After Deutsche Bank recorded its lien with the Harris County Office of Public Records, Gonzalez Financial foreclosed on the tax lien and sold the property to Moss at a tax sale. Gonzalez Financial gave notice to the original mortgage servicer, which had assigned the lien to Deutsche Bank, but did not give notice to Deutsche Bank, which learned of the tax sale several years later. After purchasing the property from Gonzalez Financial, Moss sold it to D&Y Investments.

The court granted Deutsche Bank's motion for partial summary judgment in January 2015, holding that the tax-lien foreclosure sale to Moss and his transferee D&Y Investments was void as to Deutsche Bank's security interest in the property. *Ocwen Loan Serv., LLC v. Gonzalez Fin.*

*Holdings, Inc.*, 77 F. Supp. 3d 584, 597–98 (S.D. Tex. 2015). Deutsche Bank's claim for wrongful foreclosure, Moss and D&Y Investments' counterclaim for attorney's fees and costs, and Moss's crossclaim against Gonzalez Financial remained. After the memorandum and opinion granting summary judgment issued, Deutsche Bank dismissed its claims for wrongful foreclosure and for attorney's fees; Moss and D&Y Investments also dismissed their counterclaim against Deutsche Bank for attorney's fees; and the court severed Moss and D&Y Investments' remaining crossclaim against Gonzalez Financial, the subject of this suit. Moss and D&Y Investments appealed the summary judgment ruling, and the Fifth Circuit affirmed.

In this severed action, the only claim at issue is Moss and D&Y's crossclaim against Gonzalez Financial for the consideration Moss paid for the property at the tax sale. The court administratively closed this case while the other case was on appeal. (Docket Entry No. 6). After the Fifth Circuit affirmed the summary judgment ruling, Moss moved to reinstate this case, and the court returned the case to the active docket. (Docket Entries No. 7, 8). The court held a status conference on December 18, 2017, at which Gonzalez Financial did not appear. Moss moved for summary judgment, (Docket Entry No. 11), and Gonzalez Financial did not respond.

Moss's crossclaim states: "In the event, the tax sale is set aside, Moss seeks the return of the consideration paid at the tax sale to Gonzalez." (Docket Entry No. 2 ¶ 6). The summary judgment record consists of the exhibits attached to Moss's motion:

- The general warranty deed for the property, (Docket Entry No. 11, Ex. A);

- The signed deed of trust granting a lien on the property in favor of Argent Mortgage Company, (*Id.* Ex. B);

- A deed of trust tax lien on the property, (*Id.* Ex. C);

- An assignment of the deed of trust from Argent Mortgage Company to Deutsche Bank, (*Id.* Ex. D);

- A foreclosure sale deed, dated September 2, 2009, listing Abe Moss as the buyer and the sale amount as $80,000, (*Id.* Ex. E);

- A special warranty deed, filed July 1, 2010, transferring the property from Moss to D&Y Investments, (*Id.* Ex. F);

- This court's memorandum and opinion granting partial summary judgment, (*Id.* Ex. G); and

- The Fifth Circuit judgment affirming the summary judgment ruling, (*Id.* Ex. H).

Based on the record, the brief, and the applicable law, Moss's motion for summary judgment, (Docket Entry No. 11), is granted. The reasons for this ruling are explained below.

## II. The Legal Standard

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by showing an absence of evidence to support the nonmoving party's case. *Fret v. Melton Truck Lines, Inc.*, 706 F. App'x 824, 827–28 (5th Cir. 2017). While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (citing *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th

3

Cir. 2005)). A fact is material if "its resolution could affect the outcome of the actions." *Aly v. City of Lake Jackson*, 605 F. App'x 260, 262 (5th Cir. 2015) (citing *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Bailey v. E. Baton Rouge Parish Prison*, 663 F. App'x 328, 331 (5th Cir. 2016) (quoting *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010)). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Jurach v. Safety Vision, LLC*, 642 F. App'x 313, 317 (5th Cir. 2016) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 866 F.3d 698, 702 (5th Cir. 2017).

### III. Analysis

Moss seeks a judgment for the return of the $80,000 he paid to Gonzalez Financial as consideration for the property at the September 1, 2009 tax sale. The court's summary judgment ruling held that the sale was void because Gonzalez Financial failed to give adequate notice to Deutsche Bank. *See Ocwen Loan Serv.*, 77 F. Supp. 3d at 597 ("Deutsche Bank did not, as a matter of law, receive notice to which it was constitutionally entitled. The tax sale was void as to Deutsche Bank. . . . And because the sale was void as to Deutsche Bank's interest, neither Moss nor D&Y

4

could take free and clear title to the property as bona-fide purchasers . . . ."). Because the sale was void, Moss seeks a return of the consideration he paid for the property.

Under Texas law, the warranty of title is a warranty by the seller that "(1) the title conveyed shall be good, and its transfer rightful; and (2) the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge." TEX. BUS. & COMM. CODE § 2.312(a). A failure to give adequate notice renders a deed invalid. *Hous. First. Am. Sav. v. Musick*, 650 S.W.2d 764, 769 (Tex. 1983) ("[W]e hold that the substitute trustee's deed conveying the property to TWI is invalid because the trustee failed to give the notice required by law and by the terms of the deed of trust."). The "proper measure of damages for breach of the . . . warranty of good title is the consideration paid for the conveyance." *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987).

Here, the foreclosure sale deed states that Gonzalez Financial sold the property "'AS IS' and 'WHERE IS' without any express or implied warranties, except as to warranties of title," and conveyed the property to Moss "at the Buyer's own risk, pursuant to the terms of Tex. Prop. Code Sec. 51.002 and Sec. 51.009." (Docket Entry No. 11, Ex. D). Although the deed disclaimed express and implied warranties, it did contain a warranty of title. Gonzalez Financial's transfer of the property to Moss was not "rightful," because Gonzalez Financial failed to give the required notice of the tax transfer lien or the tax sale to Deutsche Bank. The failure to give proper notice rendered the sale void and was a breach of the warranty of title included in the foreclosure sale deed. *See Musick*, 650 S.W.2d at 769. Moss and D&Y are entitled to $80,000, the consideration paid for the property.

**IV.    Conclusion**

The motion for summary judgment, (Docket Entry No. 11), is granted. The court will separately enter final judgment.

SIGNED on March 14, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge